Are we missing someone? First case on the call has been consolidated as 13-227 and 13-0293. Oh, there we are. Councilor Gray, I thought we were missing. Councilor, are you ready to proceed? I am, Your Honor. Good morning, Your Honors. I'm John Wallen. I represent Dr. Robert Smith and Smith Chiropractic in the consolidated appeals. I'll briefly go over the facts first. There was an underlying claim. Julie Goss had a first-degree claim that was handled by Mr. Hammel. And that case was settled prior to any lawsuit being filed. After that case was settled, Mr. Hammel filed petition to adjudicate liens. And that case was filed. Julie Goss v. MedStar Ambulance, Smith Chiropractic, and some other defendants. The case was filed in Randolph County, but there was never a summons issued or served upon Smith Chiropractic. And Dr. Smith never voluntarily or otherwise entered his appearance in that case. Instead, Mr. Hammel sent him a notice of hearing. Dr. Smith did not appear. And his lien was adjudicated to zero for his failure to appear. Wasn't there some kind of bailing, though? A certified or green card signed? Yes, there was. Subsequent to that, I filed suit in Randolph County in a separate case. Dr. Smith against Mr. Hammel for conversion of the settlement proceeds for not honoring his lien. The defendants in that case filed a motion to dismiss, alleging that the prior judgment from the first case, Julie Goss v. MedStar, was controlling and Judge Gross granted that motion and dismissed our case. We went back and filed a 1401 motion in the first case saying that that was a void judgment. That order was denied, and these consolidated appeals followed. And really, this is a question of first impression for the court because it involves whether you can adjudicate a lien in a case where the court didn't have jurisdiction over the parties or the subject matter for the money. Let me ask you a question. If the petition to adjudicate the lien had been filed in the underlying case, notice by certified mail would have been satisfactory under the lien act. If I can clarify your question, I can give you an answer. When you say the underlying case, there never was an underlying lawsuit, and that's the problem. If there had been Smith v. Jones or Julie Goss v. David Smith, whatever, if that case had actually been filed, then a notice of hearing would have been fine or a notice of petition to adjudicate liens because the court would have had jurisdiction over the parties and it would have had jurisdiction over the money because those are the settlement proceeds of that case. And that's what I see as the problem is that the court never had jurisdiction over anybody in this case. My client didn't voluntarily appear. He didn't consent. He wasn't served a summons. And in fact, he was named a defendant. It wasn't that he was some collateral party. He was named a defendant. Julie Goss v. MedStar and Dr. Robert Smith or Smith Chiropractic. And because they didn't serve him, the court didn't have jurisdiction over that money. And I talked about it in the brief, and it's really the issue in the case is whether this is an in-ramp proceeding or it's not. And an in-ramp proceeding is where the actual proceeds, the race, the thing, is what is the defendant in the case. So if I'm driving down the road and I find $10,000 on the side of the street and I don't know whose it is, I would file a proceeding with the court to name the money as the defendant, and then I can publicize it and say anybody who claims a right to this money come forward. I don't know who you are, but you have a right to come forward and claim the money. In this case, the settlement proceeds were the race, they're the property, they're the thing. They either had to serve my guy with a complaint and a summons or name the money as the settlement proceeds, and then they say whoever has a claim to this money come forward. That didn't happen in this case. There are no cases that say what they did here is okay. There are two cases, Jacob and Zillinger, which talk about adjudicating lien rights and whether or not service by certified mail or whatever is okay. In both of those cases, the court had jurisdiction over the party, and there were settlement proceeds that arose from a settlement from a lawsuit where the court already had jurisdiction. And so when that happens, then you can do it by certified mail, and that's what the statute says. And I think it's just clear that the court didn't have jurisdiction here. So when we filed a subsequent case in Randolph County in front of Judge Burroughs, he basically said you need to bring this up to the first trial court and send it back to him and let him handle this. That was incorrect, too. Avoid judgment. If there was no jurisdiction here over the parties or the subject matter of money, then that judgment can be attacked collaterally, indirectly, directly at the same court, a different court. That's no good. Let me just get back to my question over here, Mr. Oman. Okay. I mean, the lien act itself does not distinguish between a separate action versus filing to adjudicate the lien in an already filed action. Correct. It just simply says on petition filed by the injured person, liens will be adjudicated, and in that case, in essence, jurisdiction is obtained by certified mail. So why should there be a difference in personal service whether the petition to adjudicate liens is filed in an already existing case or in a new case? I think it's a significant difference because, number one, there's some due process considerations. I mean, can you just stand on the courthouse steps and say we're going to have a hearing tomorrow, show up and be here, and I don't receive a summons, I don't receive actual notice, and the court doesn't have any jurisdiction? Well, there are a lot of circumstances in which the courts have held that certified mail is sufficient for due process in all kinds of administrative hearings and so forth and so on. I mean, I think the issue's been raised. In this particular case, the case that was filed, the first case in Randolph County, was filed Julie Goss versus Matt Starr versus Dr. Robert Smith, actually named as a defendant in a court proceeding. When you're named a defendant, a party defendant, the way the court gets jurisdiction is through a summons that's properly served. And in this case, that wasn't done. And I think the significant difference, and that's the failure, the Healthcare Services Lien Act has many problems. This is one of them. And I think in the fact that it hasn't come up or hasn't been addressed, I'm not sure why. I think usually liens are adjudicated in cases that have already been filed. And I think that is the significant difference. I think that there is the requirement of that. And the fact that they named Dr. Robert Smith as an actual defendant also changes the landscape because he has certain protections to be served a summons and a notice to appear and do those kind of things, which was not done in this case. And there is no case that says what happened here was okay or been approved by any health court or any federal district court. The two cases that are cited are both cases where the court had jurisdiction over the parties selling the monies paid into the court. If there are no other questions, I'll have a seat. Thank you. Thank you. Counsel. Gentlemen, good morning. My name is Jeff Hummel. I represent Julie Goss in a claim that arose in Randolph County. And I'm also a named defendant in a claim that was consolidated, alleging that I converted the settlement funds. This has been the third time that we've actually been sat here today for oral argument. And so this is probably the 15th time I've read my brief. And quite frankly, I think that my brief pretty well spells out the appellee's argument. In the beginning of the brief, I spelled out the statutory framework, and that's contained within the Health Care Services Act. And it provides rights and protections to everybody that's involved here. It provides rights to the doctor, Dr. Smith. It provides rights to Julie Goss, my client. And it provides rights to me. Now, the appellant now claims that the Health Care Services Lien Act has many flaws in it. However, this is the very act that the appellant is invoking. This is what the doctor is claiming their lien on. They're claiming they have a lien because they complied with this act. Now, it would be – it probably is easier for Dr. Smith to think that because he's involved or may hear about cases, maybe cases that are involving some personal liability, that you're entitled to be served with a sentence. And he'd be right. In those cases where you're involved in personal liability, he had duty and personal service. A lawsuit involving a car accident. Smith v. Smith and a divorce. Patient v. Dr. Smith malpractice. That is a case that requires personal jurisdiction because there's some type of liability that can be imposed on the defendant. Now, in this case, Dr. Smith has invoked the Health Care Act. I do notice that there were some defects in his lien. Probably the biggest defect in securing a lien, as I see it, consistent with the Health Care Service Act, is he didn't show up after being served with a certified bail. That's one of the requirements of perfecting a lien under the Health Care Service Act. And to suggest that this is an issue that hasn't been confronted by the courts, first of all, it's clearly in the Health Care Service lien act. It says that they can serve us with a notice of the lien by regular or certified mail, and we can serve them with a notice of the hearing by certified and regular mail. And there's no confusion about the plea that was served upon Dr. Smith. It's contained in the appendix. It's called a condition to adjudicate liens. It tells him he has a right to a hearing, just like the act says. It doesn't impose any kind of personal liability upon him. And for him to think that he's entitled to personal service, he's wrong. And I can appreciate how he might not understand the difference, but once this JACO case was supplied to Dr. Smith in the trial court, and once this issue was taken up, the JACO case is pretty clear. It just happened. It pretty much says this is an in rem action. It doesn't require personal service. It only requires certified mail. Once he receives that, then where is his good faith argument? Where is the good faith extension of the law? And you brought up a point, you know, what's the difference? And I think there's a difference, but there's no distinction. This petition to adjudicate liens was clear. It said what it wanted to do. It was in response to what Dr. Smith said. He clearly signed it. I did everything that I could except for drive the fellow to the courthouse, and then I'm sued for conversion. And the JACO case and the cases that it cited are clear. Now, the appellate now brings up the argument that, well, you know, this is just like somebody that finds money. What should they do? Should they stand on the courthouse steps and say, hey, I'm going to give the money away? Well, of course not. That wouldn't satisfy, number one, the Health Care Service Act, which this was involved with, so it has a process. But there's also due process concerns, and the due process concerns were the same concerns that were addressed in JACO. And I've spelled it out pretty much in my brief, but one of the things I do want to cite here is on page 15, and it cites an Illinois Supreme Court of Austin v. Royal League, 316 Illinois 118, which actually was cited by the Zillinger Court. It says the court has power to deal with …property through an in-room action if the property is within the court's territorial jurisdiction. And clearly this was an accident that happened in Randolph County. Julie Goss was a resident of Randolph County. There was never an argument made that the court didn't have jurisdiction to settle the settlement that was involved, that was brought up in the petition to adjudicate liens. Basically, in these cases, a plaintiff who settles a case, they file a petition to adjudicate liens, they bring it before the court, and the court exercises its jurisdiction. And in this case, it properly exercised in-room jurisdiction. Now, as I indicated, I think that it would have been clear for Dr. Smith to have been mistaken in the beginning, but after these cases were presented in the trial court, I think that there was no basis for the appeal. I think there was no genuine issue, and I think that on the court's own motion, they could make such a finding. Thank you. If you have any other questions, I'll sit down. No questions. Thank you. Rebuttal? I think the briefs adequately address the issue. If there's any further questions, I'll address those. The only thing that I would say is that Mr. Hamill would like this to be an in-room proceeding, but he hasn't said how the court had in-room jurisdiction to make this an in-room proceeding. That's the court issue, because the court did not have jurisdiction over the money, and it didn't have jurisdiction over the settlement proceeds, and I think that's the critical distinction in this case. Thank you. Thank you, counsel. Thank you. In case you want to take another advisement, you'll be notified in due course. Thank you very much.